JOHN McPHETERS *versus* WILLIAM L. LUMBERT *& al.*

By the statute of 1855, c. 144, owners of logs, attached under the *lien* law, "may come into Court and defend" the suit. But it is not competent for the owners to try the question of *lien* in such suit. The statute does not provide for the trying of any matter, except what may be regarded as a defence to the action.

ON REPORT from *Nisi Prius,* CUTTING, J., presiding.

This was an action of ASSUMPSIT for labor in driving logs, the plaintiff claiming a lien under the statute provision giving to laborers a lien on lumber. Upon notice to the owners of the logs, they appeared, and having pleaded the general issue for Lumbert *& al.,* put in the following plea:—

"And now the owners of the logs, described in said writ and declaration, come and defend against the alleged lien in said writ, when and where, &c., and for plea say, that the plaintiff has no lien on said logs in manner and form as he has alleged, and of this put themselves on the country;" with a brief statement, under this last plea, "that said owners say, that if any such lien ever did attach under the laws of this State, the same has been discharged." The issue tendered in both these pleas was joined by plaintiff. It was agreed, that the attachment was made in season to preserve the lien, if not otherwise discharged. It was also agreed, that the plaintiff had assigned his interest in the subject matter to one Ephraim B. Pierce, for whose benefit this suit was prosecuted.

*Rowe & Bartlett,* for plaintiff.

The claim, in this case, is not simply a claim against the contractors, but, like the claim of a material-man under the maritime law for repairs on a ship in a foreign port, is a claim both *in personam* and *in rem.* The labor was done on the credit of the logs, as well as on the credit of the contractors. The logs are as much holden for the services, in the first instance, as are the contractors. The statute provides a way, by which the remedy against the contractors and against the logs may be enforced at the same time and by the same process.

The claim against both is an entirety. An assignment of it, therefore, gives rights against both, unless one had been previously discharged.

The case is none the less clear, if we regard the claim as existing only against the contractors, and the lien upon the logs as security merely.

The debt is the principal, the security is the accessory. The accessory follows the principal, usually by implication of law, always by the express action of the parties, as in the familiar cases of mortgages and pledges.

An analogous case is familiar to all. A creditor sues and attaches the property of his debtor. That attachment effects what this statute does. It designates and sets apart certain property which shall be holden as security for the claim in suit. The creditor may assign his claim before entry, while the suit is pending, or after judgment; and the assignee will be substituted in all his rights, and may obtain satisfaction of the debt from the property attached, in the name of the assignor.

*Ingersoll,* for the log-owners.

The first question that arises is, can the owners of the logs defend in this suit against the claim of laborer's lien?

The defendants contend that they have the right. By the Act of 1855, c. 144, it was enacted that, " in all suits brought to enforce the lien given by the Act to which this is addi-

tional, such notice shall be given to the owner of the lumber as the Court shall order, and the owner may come into Court and defend such suit."

By virtue of this Act, the log-owners have appeared and filed two pleas; a plea of the general issue for the defendants Lumbert & al., and also a plea for themselves, denying that any lien existed when the action was brought, and that if any ever existed, it has been discharged. To allow this defence to the owners of logs will save time and expense in settling their rights under the Acts giving a lien on lumber for services.

The log-owners in this case contend, under this issue, which they trust the Court will decide they may make of right, in order that other cases may be disposed of in this way, that their logs are discharged from the lien claimed in the writ. The case finds that, before action brought, the plaintiff had assigned all his right, title and interest, in and under his claim for labor, to Ephraim B. Pierce, for a valuable consideration. And there does not appear to be any authority given the assignee to enforce the lien given by statute on the logs; without such authority there can be no right in Pierce to hold the logs.

The assignment of McPheters transferred only his claim for services against Lumbert & Cowan. His lien on the logs could be only for *his* benefit. It was a mere personal privilege, which he could enforce, and he only; for it could not be transferred to Pierce. *Holley* v. *Huggeford*, 8 Pick. 73.

MAY, J.—This action is brought to recover compensation for the personal services of the plaintiff in driving logs, and to enforce his lien under the provisions of the statutes "giving to laborers on lumber a lien thereon." Stat. of 1848, c. 72, as amended by stat. of 1851, c. 216, § 1.

The defendants of record make no defence; but the owners of the logs on which the lien is alleged to exist, upon notice given to them, under the statute of 1855, c. 144, come into Court, and, taking upon them the defence of said action, claim the right to try the existence and validity of such lien.

It is admitted that the plaintiff is entitled to recover in this suit a certain amount; but the right to enforce the collection of the judgment by reason of any lien upon the logs driven by the plaintiff, and not belonging to the defendants, is denied.

The first question presented in this case is whether it is competent for the owners of the logs to try the question of lien in the suit. By the stat. of 1855, before cited, it is provided that the owner of the lumber "may come into Court and defend such suit." If the action can be defeated, the lien falls to the ground. The statute does not provide for the trying of any matter except what may be regarded as a defence to the suit; and all other modes of trying the question of lien, which the law provides, are left open to the parties interested therein. We cannot doubt that if it had been the intention of the Legislature to permit the trial of any side issue, having reference only to the manner in which the judgment to be recovered might be enforced, they would have used some appropriate language to express such intention. The argument of counsel, that to allow the owners of the lumber to try the question of lien in some manner, not a defence to the suit, would be a saving of time and expense in settling the rights of the parties, if valid, cannot authorize the Court to legislate upon the subject. We can only administer the law as we find it. The language of the statute is too plain to admit of the construction contended for. The plaintiff is entitled to judgment for the amount admitted to be due, which is $47,54, with interest from the date of the writ.

TENNEY, C. J., and HATHAWAY and GOODENOW, J. J., concurred.

APPLETON, J. — The only defence relied upon, is an assignment by the plaintiff of his lien claim to one Pierce. This neither releases nor discharges the lien. It in no way prejudices the log-owners nor injuriously affects their rights. The cause may still be prosecuted to final judgment in the name

of the assignor.    The assignment of the plaintiff constitutes no defence.

When and to what extent the log-owners may intervene for the defence of their rights against the lien claimant, it is not now necessary to determine.